UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------- x

HERRICK, FEINSTEIN LLP,
  2 Park Avenue
  New York, New York 10016
  212-592-1400

                    Plaintiff,

                    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver for
Doral Bank,
  550 17th Street, N.W.
  Washington, D.C. 20429

                    Defendant.

Case No. 1:16-cv-00025

------------------------------------------------- x

## COMPLAINT

Herrick, Feinstein LLP ("Plaintiff" or "Herrick"), plaintiff pro se, as and for its Complaint, asserts and alleges as follows:

### NATURE OF ACTION

1. Herrick brings this action to recover unpaid fees and expenses owed by the Federal Deposit Insurance Corporation, in its capacity as Receiver for Doral Bank (the "FDIC" or "Defendant") for legal services rendered by Herrick on behalf of now-defunct Doral Bank.

2. Beginning in or around August 2011, Herrick was retained to serve as legal counsel for Doral Bank in connection with numerous mortgage loan and other financing matters. As part of these engagements, Doral Bank agreed to compensate Herrick for legal services performed and all expenses incurred on Doral Bank's behalf.

3. Notwithstanding Doral Bank's clear contractual obligation to compensate Herrick for its legal representation of Doral Bank, substantial legal fees accumulated and Doral Bank failed to make payments in the total amount of $346,044.67 for services rendered since February 2013.

4. Despite Herrick's clear entitlement to its claim against the FDIC for the unpaid legal fees and expenses incurred on behalf of Doral Bank, the FDIC disallowed Herrick's claim, forcing Herrick to commence this litigation.

## PARTIES

5. Plaintiff is a limited liability partnership, operating and existing under the laws of New York, with an office at 2 Park Avenue, New York, New York 10016.

6. The FDIC is a federal corporation organized under the laws of the United States of America with its principal place of business in the District of Columbia.

## VENUE AND JURISDICTION

7. This Court has jurisdiction over the FDIC pursuant to 12 U.S.C. 1821(d)(6)(A)(ii), 12 U.S.C. 1819(a)(Fourth) and (b)(2)(A) and 28 U.S.C. §§ 1331, and 1332(a)(1).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), and (e).

## UNDERLYING FACTS

9. Beginning in August 2011 through May 2015, Herrick was retained to serve as legal counsel to Doral Bank in connection with various mortgage loan and other financing transactions. On August 18, 2011, Doral Financial Corporation, on behalf of Doral Bank, its wholly-owned subsidiary, and Herrick executed an engagement letter, which governs the scope of the legal representation to be provided by Herrick to Doral Bank and the obligation

of Doral Bank to compensate Herrick by paying legal fees and expenses in a timely manner (the "Agreement").

10.     Although Doral Financial Corporation was the named counterparty in the Agreement, Doral Bank was the client, and the services provided by Herrick were always on behalf of Doral Bank.  During its period of engagement, Herrick represented Doral Bank in connection with 46 separate financing transactions in which Doral Bank was the lender.  Doral Bank was named as the lender in each of the applicable loan and security documents and all loan proceeds were funded directly by Doral Bank.  In addition to these lending transactions, Herrick also represented Doral Bank in connection with the structuring of a Collateralized Loan Obligations vehicle and, most recently, the sale by Doral Bank of its Property Finance Unit.

11.     Notwithstanding Doral Bank's clear contractual obligation to compensate Herrick for its legal representation of Doral Bank, Doral Bank has failed to pay the aggregate outstanding amount of $346,044.67 in fees and expenses, which amount remains due and payable.

12.     On or about February 27, 2015, the Commissioner of Financial Institutions of Puerto Rico closed Doral Bank, and the FDIC was named receiver of Doral Bank.

13.     On or about May 27, 2015, Plaintiff filed with the FDIC's claims agent a claim in the amount of $346,850.61 (the "Claim")[1] for the unpaid fees and expenses owed by Doral Bank to Herrick in accordance with the instructions issued by the FDIC.

14.     On or about November 9, 2015, Defendant delivered to Plaintiff a Notice of Disallowance of Claim, pursuant to which the FDIC informed Herrick that its Claim was

---

[1] The Claim included a de minimis amount that Herrick determined was paid, which accounts for the approximately $800 difference in the Claim amount and the amount of unpaid fees and expenses set forth in this Complaint.

disallowed for unspecified reasons and that the FDIC would not agree to any request for administrative review of the disallowed Claim.

15. As a result of the disallowance of its Claim, Herrick commenced this litigation to establish its entitlement to the Claim.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Breach of Contract)

16. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

17. Herrick and Doral Bank entered into the Agreement whereby Herrick agreed to provide certain labor, work, services and/or materials in connection with numerous loan and other financing transactions.

18. The Agreement is a valid and binding contract.

19. Herrick has performed all of its obligations under the Agreement.

20. Doral Bank has materially breached its obligation under the Agreement by failing to make payment for work performed and services and/or materials supplied.

21. Doral Bank has failed to pay the amount due although due demand has been made therefor.

22. As a result of Doral Bank's breach, Herrick has been injured in an amount to be determined at trial, but in no event less than $346,044.67 plus interest thereon, together with the costs and disbursements of this action, including reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Account Stated)

23. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

24. Herrick performed all of its obligations under the Agreement.

25. Doral Bank has materially breached its obligation under the Agreement by failing to make payment for work performed and services and/or materials supplied.

26. Herrick furnished work, labor, services and materials for Doral Bank.

27. At various times during and after Herrick's performance of the Agreement and furnishing of the aforesaid work, labor, services and materials, an account or accounts were stated to Doral Bank indicating balances due, which statements of account Doral Bank received, and retained, without objection.

28. By reason of the aforesaid accounts stated, the FDIC, as receiver of Doral Bank, is liable to Herrick in an amount to be determined at trial, but in no event less than $346,044.67 plus interest thereon, together with the costs and disbursements of this action, including reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (Quantum Meruit)

29. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

30. Herrick performed or caused to be performed services and supplied or caused to be supplied materials at the request of Doral Bank.

31. Doral Bank knew that Herrick was performing or causing to be performed work and services and supplying or causing to be supplied materials and expected to be paid therefor and Doral Bank acquiesced in and accepted said work, services and materials and received the benefit thereof.

32. The fair and reasonable value of the unpaid balance due for the aforesaid work, services and materials is an amount to be determined at trial, but in no event less than

$346,044.67 plus interest thereon, together with the costs and disbursements of this action, including reasonable attorneys fees.

## DEMAND FOR RELIEF

WHEREFORE, Herrick, Feinstein LLP, plaintiff pro se, demands judgment against Defendant as follows:

(i) on its First Cause of Action, awarding damages in an amount to be determined at trial, but in no event less than $346,044.67 plus interest thereon, together with the costs and disbursements of this action including reasonable attorneys fees.

(ii) on its Second Cause of Action, awarding damages in an amount to be determined at trial, but in no event less than $346,044.67 plus interest thereon, together with the costs and disbursements of this action including reasonable attorneys fees.

(iii) on its Third Cause of Action, awarding damages in an amount to be determined at trial, but in no event less than $346,044.67 plus interest thereon, together with the costs and disbursements of this action including reasonable attorneys fees.

(iv) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 7, 2016

HERRICK, FEINSTEIN LLP

*/s/ Andrew C. Gold by J. Williams*
Andrew C. Gold
Hanh V. Huynh
Plaintiff pro se
2 Park Avenue
New York, NY 10016
212.592.1400

(pro hac motions to be filed)

-and-

WILLIAMS LOPATTO PLLC

*/s/ John B. Williams*
John B. Williams
1707 L Street, N.W.
Suite 550
Washington, D.C. 20036

D.C. Bar Number 257667